UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 02 B 10050 |
| CHICAGO TRUCK CENTER, ) | |
| INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ———————————————— ) | |
| ) | |
| LAWRENCE FISHER, as Chapter 7 ) | |
| Trustee for the Estate of Chicago Truck ) | |
| Center, Inc., and not individually, ) | Adv. No. 04 A 1410 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Pamela S. Hollis |
| ) | |
| CHICAGO TRANSPORTATION ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter comes before the court on the motion of Lawrence Fisher, the Trustee for the Chapter 7 Estate of Chicago Truck Center, Inc., for summary judgment against Defendant Chicago Transportation Group, Inc., on Count I of the underlying complaint. In Count I, the Trustee sought to avoid a postpetition transfer to Chicago Transportation in the amount of $28,000, pursuant to 11 U.S.C. § 549, and to recover that transfer for the benefit of the estate pursuant to 11 U.S.C. § 550. For the reasons stated below, the motion is granted.

### BACKGROUND

Pursuant to Local Bankruptcy Rule 7056-1, a party moving for summary judgment must file a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement

shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

Local Bankr. R. 7056-1B.

Fisher filed a 7056-1 statement that fully complies with the Rule. It includes numbered paragraphs establishing undisputed facts with specific references to accompanying exhibits.

The party opposing a summary judgment motion is required by Local Bankruptcy Rule 7056-2 to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr. R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr. R. 7056-2B.

Chicago Transportation has not filed the statement required by Local Bankr. R. 7056-2. The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. See Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1139-1140 (7th Cir. 1997).

> Compliance with the Local Rules is not a mere technicality. The Court relies greatly upon the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. American Ins. Co. v. Meyer Steel Drum, Inc., 1990 WL 92882 at *7 (N.D. Ill. June 27, 1990). This Court "should not be required to guess whether the facts asserted by the opposing part[y] are in direct conflict or scour the record in search of a party's evidence." Fotsch v. Eli Lilly and Co., 1995 WL 238677 at *1, n.1 (N.D. Ill. Apr. 20, 1995).

In re Szombathy, 1996 WL 417121, *3 (Bankr. N.D. Ill. July 9, 1996) (discussing Local Bankr. R. 402, the predecessor to Local Bankr. R. 7056), rev'd on other grounds by Szombathy v. Controlled Shredders, Inc., 1997 WL 189314 (N.D. Ill. April 14, 1997).

> The statements required by Rule 7056
>
> are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information on its own.

Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994) (citations omitted).

Because Chicago Transportation failed to timely comply with Rule 7056-2, all material facts set forth in Fisher's 7056-1 statement are deemed admitted.

The underlying bankruptcy case commenced on or about March 13, 2002, when the petitioning creditors filed an involuntary chapter 7 case against Chicago Truck Center. On April 18, 2002, the court entered an order for relief under chapter 7. Lawrence Fisher was appointed as chapter 7 trustee on April 24, 2002.

Until approximately one month before this case commenced, when it ceased operations, Chicago Truck Center was generally engaged in the sale of new and used truck vehicles, and related parts and services. 7056-1, ¶ 8. Robert Hatcher is the Debtor's President. 7056-1, ¶ 9. Carolyn Hatcher worked for the Debtor as its Used Truck Coordinator/Administrative Person prior to the shutdown. 7056-1, ¶ 10.

Carolyn Hatcher knew that Fisher became the Trustee after the shutdown in February, 2000. 7056-1, ¶ 11.

On May 15, 2002, Carolyn Hatcher wrote check No. 1345, drawn on the Debtor's bank account, in the sum of $28,000.00. The check was made payable to Chicago Transportation. 7056-1, ¶ 12.

The purpose of check No. 1345 was to cover a check that Chicago Transportation had written to William Jackson, the Debtor's attorney, for his attorneys' fees in representing the Debtor in the underlying bankruptcy case. 7056-1, ¶ 13.

The Trustee did not tell Carolyn Hatcher that she could write the $28,000.00 check. Instead, Robert Hatcher told her to write it. 7056-1, ¶ 14.

The transfer of funds described above was not authorized by Title 11 of the United States Code or by the U.S. Bankruptcy Court. 7056-1, ¶ 15.

## LEGAL DISCUSSION

Standard for a Motion for Summary Judgment

The standard for a summary judgment motion is set forth in Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings via Fed. R. Bankr. P. 7056. The Rule provides that summary judgment is proper if the papers and pleadings on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. Parkins v. Civil Constructors of Ill., Inc., 163 F.3d 1027, 1032 (7th Cir. 1998).

A factual dispute is a genuine issue for trial only if it is determinative of the outcome under applicable law. See Frey v. Fraser Yachts, 29 F.3d 1153, 1156 (7th Cir. 1994). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings. Instead, its response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Fed. R. Civ. P. 56(d) provides for the situation when "judgment is not rendered upon the whole case." Partial summary judgment is available to dispose of at least one count of the complaint in its entirety. See In re Randy, 189 B.R. 425, 436 (Bankr. N.D. Ill. 1995). In this matter, Fisher seeks partial summary judgment as his motion relates only to Count I of his complaint.

Avoidance of Postpetition Transfers Under 11 U.S.C. § 549

Pursuant to 11 U.S.C. § 549, the trustee may avoid a transfer of property of the estate –

(1)   that occurs after the commencement of the case; and

(2)   (A)   that is authorized only under section 303(f) or 542(c) of this title; or

(B)   that is not authorized under this title or by the court.

When a court considers whether to avoid a transfer under § 549,

> a four-part inquiry is raised: (1) whether a transfer of property occurred; (2) whether the property was property of the estate; (3) whether the transfer occurred after the commencement of the case; and (4) whether the transfer was authorized by the court or the Bankruptcy Code. Hoagland v. Edward Hines Lumber Co. (In re LWMcK Corp.), 196 B.R. 421, 423 (Bankr. S.D. Ill. 1996) (citation omitted). Federal Rule of Bankruptcy Procedure 6001 provides, "[a]ny entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof."

In re H. King & Associates, 295 B.R. 246, 291-292 (Bankr. N.D. Ill. 2003).

In the instant case, the Trustee has demonstrated that the check that Carolyn Hatcher wrote to Chicago Transportation and that is described above was written on the Debtor's bank account. There is no dispute of material fact that the transfer occurred and that it was a transfer of property of the estate. Furthermore, there is no dispute that the transfer occurred after the commencement of this bankruptcy case. The bankruptcy case began with the filing of an involuntary petition on March 13, 2002, and the transfer occurred in May 2002.

The last question is whether the transfer was authorized by the court or the Bankruptcy Code. The Trustee asserted in his statement of undisputed material facts that the transfer was "not authorized by Title 11 of the United States Code or by the U.S. Bankruptcy Court."

Chicago Transportation has responded neither to the statement of undisputed material facts nor the motion for summary judgment itself. It raised no defenses to the Trustee's assertions in its answer to the complaint, but merely denied that the transfer was made and that it was not authorized. Fed. R. Bankr. P. 6001 puts the burden of proof on Chicago Transportation to dispute the Trustee's allegations: "Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof." The court is not required to scour the record to determine whether there is any possibility that the transfers could have been authorized. Consequently, the Trustee has demonstrated that no question of material fact exists as to the last element of 11 U.S.C. § 549.

According to 11 U.S.C. § 550,

(a)   Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –

   (1)   the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . .

Since the Trustee has demonstrated that the transfer described above should be avoided under § 549, he may recover the value of the property from Chicago Transportation for the benefit of the estate pursuant to § 550. "Once the whole transfer has been pulled into the estate, the money is distributed according to the priorities established by the Code and the debtor's own commitments." Matter of FBN Food Services, Inc., 82 F.3d 1387, 1396 (7th Cir. 1996).

## CONCLUSION

For the reasons stated above, the motion for summary judgment on Count I is granted. The postpetition transfer described in Count I is avoided under § 549, and the Trustee shall recover the value of the transferred property from Chicago Transportation pursuant to § 550.

Date:     APR 1 9 2005

PAMELA S. HOLLIS
U.S. Bankruptcy Judge